# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5318 | **DATE** | 9-15-2010 |
| **CASE TITLE** | Gregory Cowart (#0097555) v. U-Haul Truck Rental Corp. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Benton County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, 1300 SW 14th Street, Bentonville Arkansas 72712 . However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Gregory Cowart, in custody at the Benton County Jail, Bentonville Arkansas, has brought this *pro se* civil rights action purportedly pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), against U-Haul Truck Rental Corporation. Plaintiff alleges that an employee of his corporation, 1,2,3 Sales Consultant Firm, U.S.A., rented a truck from a U-Haul rental facility located in New Albany, Indiana. Plaintiff further alleges that the gas gauge in the truck did not work, and although the gas tank was filled, the tank continued to register empty. Plaintiff's finally alleges that U-Haul did not refund 1,2,3 Sales Consulting Firm, U.S.A. for faulty equipment. (See Plaintiff's complaint).

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Benton County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

Plaintiff's complaint is flawed in multiple ways. Plaintiff has brought his action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). A *Bivens* action is analogous to an action brought pursuant to 42 U.S.C. § 1983 in that it recognizes a private right of action for damages against a federal agent acting under color of federal law for the agent's violations of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A because U-Haul is not a federal or state actor, as required under either *Bivens* or § 1983, and there is no discernable federal question, and no basis for diversity jurisdiction.

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567.

In the instant case, Plaintiff does not allege that Defendant U-Haul was cloaked with some degree of state authority or that there was some type of conspiracy between state officials and Defendant U-Haul involving the truck rental in Indiana. Nor can such a conclusion be drawn from Plaintiff's allegations. Consequently, Plaintiff has failed to state a cause of action under § 1983 against U-Haul, and his claims are dismissed.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute. According to federal statute, federal district courts have jurisdiction over civil actions arising under the Constitution, or federal statute or treaty. *See* 28 U.S.C. § 1331. None are implicated here. Plaintiff describes a contract dispute between two private parties. While there is diversity of citizenship between the parties, none of the parties appear to have any connection establishing that jurisdiction would be proper in the District Court for the Northern District of Illinois. Plaintiff is incarcerated in Arkansas, and he is suing U-Haul over a contractual dispute in Indiana. Additionally, if Plaintiff's claim are based in diversity of citizenship, he would have to have sustained damages in excess of seventy five thousand dollars. *See* 28 U.S.C. § 1332. While he claims damages of fifty million dollars, it seems impossible to conceive of how the rental of a U-Haul truck with a broken gas gauge could lead his corporation to have sustained in excess of seventy five thousand dollars in damages. As the Court lacks subject matter jurisdiction over Plaintiff's claims, this matter is dismissed, and the case is terminated.

For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).